**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELBOURNE CARLINGTON TAYLOR, | No. 13-73666 |
| Petitioner, | Agency No. A203-016-693 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2016[**]
San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

Melbourne Taylor petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the denial of his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny his petition.

Substantial evidence supports the BIA's finding that Taylor failed to establish a nexus between his past persecution and his membership in a protected class. While Taylor presents at least some evidence that he was politically opposed to his persecutors, the record supports the BIA's conclusion that he was persecuted because he witnessed a crime and spoke to the police about it, not because he held certain political opinions.[1]

Substantial evidence also supports the BIA's finding that Taylor failed to establish government acquiescence in his torture. The record shows that the Jamaican police urged him to move to a safer location, then checked on him each day to make sure he was safe. Additionally, they apprehended and prosecuted two of the people involved in the murder he witnessed.

**PETITION DENIED.**

---

[1] Because Taylor failed to argue to the BIA that he was persecuted for his membership in a particular social group—namely, witnesses to crimes—we may not consider this argument for the first time on his petition for review. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).